## LEVIN et al. v. PHILADELPHIA ELECTRIC POWER CO.

District Court, E. D. Pennsylvania. July 24, 1929.

No. 4223.

See, also, 23 F.(2d) 508.

Monaghan, Levinthal, Schofield & Kraus, of Philadelphia, Pa., for plaintiff.

William Clarke Mason, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The plaintiffs assert a twofold cause of action. The defendant is a licensee or permittee under the provisions of the Act of Congress of June 10, 1920 (16 USCA §§ 791–823). As such it has constructed a dam and power plant at Conowingo, on the Susquehanna river. It likewise possesses the franchise to construct, maintain, and operate a transmission or distribution line, with the added right to exercise the power of eminent domain in acquiring the use of land for its corporate purposes. This franchise is conferred by the laws of Pennsylvania. The construction of the dam of necessity results in an interference with the common use of navigable waters. What-

ever its basis, this is a subject admittedly within the jurisdiction of the United States. Just as clearly the transmission line is the subject of the laws of the state of Pennsylvania. As Congress could grant or withhold a license to obstruct the navigation of the river, it could impose any conditions upon the grant of the license, and a condition which it has imposed is that the defendant by the acceptance of the license assumed liability for all damages which may flow, not merely from the construction, but likewise from the maintenance and operation of "the project." The state law (Const. Pa. art. 16, § 8) gives the right to compensation for land "taken, injured or destroyed" by the defendant in the construction of its transmission line, but withholds all right to compensation for damage which results solely from the operation of the line in pursuance of the corporate business in which the defendant has been granted the lawful right to engage.

The plaintiffs are the owners of lands away from but so near the line of the defendant as that they claim they will be damaged by the operation of the line in such close proximity. They further assert a real estate interest in some of the lands upon which the transmission line is constructed, in that the land thus occupied is subject to an easement of the plaintiffs therein created by the circumstance that the lands in the use of the defendant and the lands of the plaintiffs are parts of a large tract of land, all parts of which were by appropriate covenants running with the land made mutually servient to all the lands of the several grantees of the common grantor.

The defendant acquired the lands within its right of way in part by deeds of conveyance and in part through condemnation proceedings, but with notice, constructive and actual, of all the rights of the plaintiffs.

The condemnation proceedings referred to are pending in the court of common pleas of Chester county, Pa., but the plaintiffs have not made themselves parties thereto.

The act of Congress gives concurrent jurisdiction to the courts of the United States and of the states to enforce all rights therein granted.

The instant bill presents two causes: (1) That given by the act of Congress, and (2) that given by the laws of the state founded upon the easement which the plaintiffs have in the lands within defendant's right of way.

There is no diversity of citizenship.

The primary prayer of the bill is for a preliminary injunction to restrain the construction and operation of the line until plaintiffs' damages have been paid or secured to be paid. There is likewise the usual prayer for general relief. The preliminary injunction was denied because the act of Congress, even if it gave a cause of action, gave no right to security (except for land taken for dam purposes), and the right to security given en by the state laws in condemnation proceedings could be enforced only by the state courts. To the views then expressed we adhere.

"The Federal Water Power Act" (16 USCA §§ 791–823), as we read it, recognizes two projects in every scheme for the generation of electricity by the use of the power of navigable waters and its transmission and distribution. One project is that defined in section 3 of the Act (16 USCA § 796), which is limited to that part of the general scheme which affects navigation, and is further limited to the generation of electricity and its transmission and delivery to the distribution system which is maintained and operated under the laws of some state or states. The other project is the distribution system to which the electricity thus generated is transmitted and delivered. Sections 10 and 21 (16 USCA §§ 803, 814) have to do wholly with this first project. To give the act any other construction would raise questions of such gravity as we may assume Congress wished to avoid being raised. The complaint of the plaintiffs is directed wholly to the second project. The theory of the bill is: (a) That section 10 of the act of Congress gives a right of action to any one injured by the operation of the defendant's distribution line, and that section 21 authorizes the same proceedings to be taken as in condemnation proceedings in the state court; and (b) that plaintiffs have such an easement in some of the lands within the right of way of defendant's transmission line as to give them the right to compensation under the state law for lands "injured." The courts of the United States have thus jurisdiction of the complaint because: (a) The first cause of complaint concerns a law of the United States and having thus assumed jurisdiction the court will proceed to do full equity by granting relief for, (b) the second cause of complaint, although it wholly concerns the laws of the state with which primarily the courts of the United States have nothing to do. We have held, however, that the act of Congress has to do only with damages growing out of the construction and operation of the dam, and nothing to do with damages caused by the construction or operation of the distribution line. This complaint, as before stated, has

to do only with the latter. There is in consequence no applicable law of the United States, and the courts of the state are alone concerned with the state law. We are not in accord with the proposition that jurisdiction can be given the courts of the United States to administer the state laws by the simple expedient of linking to a cause of action given by the state law an unfounded claim to a cause of action under a law of the United States.

The requests for findings of fact and conclusions of law submitted are answered herewith.

A decree may be submitted dismissing the bill for want of equity so far as it voices a complaint under the laws of the United States, and for want of jurisdiction so far as the complaint is founded upon the law of Pennsylvania.